UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MIGUEL MARCELINO J. G.,

Petitioner,

v.

WARDEN OF THE GOLDEN STATE ANNEX,

Respondents.

No. 1:26-cv-00877-TLN-DMC

**ORDER**

Petitioner Miguel Marcelino J.G.[1] ("Petitioner"), an immigration detainee who is representing himself, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Based on the substance of Petitioner's brief and the relief requested therein, the Court construes Petitioner's pleading as a motion for a temporary restraining order. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (stating that pleadings by pro se litigants must be held to less stringent standards than formal pleadings drafted by lawyers).

Respondents shall file a response to Petitioner's request for injunctive relief by noon on Friday, February 6, 2026. Any opposition shall provide the Court with copies of all

---

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits Petitioner's full name, using only his first name and last initials, to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf. The Clerk of Court is directed to update the docket to reflect this change accordingly.

1

referenced/relevant portions of Petitioner's A-File and any and all available records related to Petitioner's allegations.

Pending the Court's ruling on this petition, Respondents shall not take any action to transfer Petitioner out of this District. *See F.T.C. v. Dean Foods Co.*, 384 U.S. 597, 608 (1966) (acknowledging the Court's "express authority under the All Writs Act to issue such temporary injunctions as may be necessary to protect its own jurisdiction").

Based on the facts surrounding Petitioner's detention, the Court provisionally authorizes Petitioner to further proceed in forma pauperis. *See* 28 U.S.C. § 1914.

Petitioner has filed a motion for the appointment of counsel. In light of the complexity of the legal issues involved, the Court has determined that the interests of justice require the appointment of counsel for Petitioner. *See* 18 U.S.C. § 3006A(a)(2)(B); *see also Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). Within seven days from the date of this order, the appointing authority for the Eastern District of California shall identify counsel and send counsel's contact information to Michele Krueger, Courtroom Deputy for Chief Judge Troy Nunley, via email at mkrueger@caed.uscourts.gov, who shall update the docket to reflect counsel's appointment. If counsel is not a member of the Eastern District of California Criminal Justice Act ("CJA") Panel, the Court hereby authorizes them to serve as CJA counsel for petitioner for the duration of the proceedings in this Court pursuant to Local Rule 180(b)(1).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Respondents shall file a response to Petitioner's request for immediate injunctive relief by noon on Friday, February 6, 2026;

2. In order to ensure this Court's jurisdiction to resolve the pending § 2241 petition, Respondents shall not transfer Petitioner to another detention center outside of this judicial district, pending further order of the Court;

3. Petitioner is provisionally authorized to proceed in forma pauperis, subject to Petitioner filing an application to proceed in forma pauperis by April 24, 2026. The Clerk of the Court is directed to serve Petitioner with an application to proceed in forma pauperis;

4.  Petitioner's motion to appoint counsel (ECF No. 2) is granted; Within seven days from the date of this order, the appointing authority for the Eastern District of California shall identify counsel and send counsel's contact information to Michele Krueger, Courtroom Deputy for Chief Judge Troy Nunley, who shall update the docket to reflect counsel's appointment;

5.  The Clerk of the Court shall serve a copy of this order on the Federal Defender, Attention:  Habeas Appointment, along with a copy of the § 2241 petition;

6.  The Clerk of the Court shall serve a copy of this order together with a copy of Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on the United States Attorney; and

7.  The Clerk of Court is directed to update the docket to only list Petitioner's first name and last initials.

IT IS SO ORDERED.

Date: February 4, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE

3